UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 3:26-cr- 69-MMH-LLL
18 U.S.C. §§ 1343, 2
18 U.S.C. §§ 1957, 2

CEDRIC DEWAYNE GRIFFIN

**INDICTMENT**

The Grand Jury charges:

**COUNTS ONE, TWO & THREE**
(Wire Fraud)

### A.    Introduction

At all times material to this indictment:

1.     Cross River Bank (Cross River) was a lender based in New Jersey that specialized in loan origination and processing on a variety of Small Business Association (SBA) and conventional business loan programs, including assisting businesses in accessing the SBA Paycheck Protection Program (PPP). Cross River utilized and accessed computer servers/data centers outside of the state of Florida, as part of conducting business lending in connection with PPP loans.

2.     MBE Capital Partners, LLC (MBE) was a New-York based lender that specialized in lending to small and minority-owned businesses and assisted businesses in accessing the PPP. MBE utilized and accessed computer servers/data centers outside of the state of Florida, as part of conducting business lending in connection

with PPP loans.

3.     Cedric Dewayne Griffin (Griffin) was a resident of Jacksonville, Florida. Griffin formed several LLCs under the laws of the State of Florida.   From October 2016 until September 2022, Griffin was a licensed real estate broker in Florida. Griffin controlled the bank accounts for Residential Alabama, LLC and G8 Equity, LLC referenced later in this indictment.

4.     Residential Alabama, LLC (Residential Alabama) was a Florida Limited Liability Company formed by Griffin on or about May 29, 2019 and Griffin is identified as the President for Residential Alabama.   Residential Alabama had a Regions bank account with an account ending in 1783.

5.     G8 Equity, LLC (G8) was a Florida Limited Liability Company formed by Griffin on or about August 17, 2016.   Griffin was the Chief Executive Officer (CEO) of G8.   G8 had a Regions bank account with an account ending in 6004.

6.     On or about June 26, 2020 Griffin electronically submitted and caused to be submitted an SBA Form 2483 PPP Borrower Application Form on behalf of Residential Alabama to Cross River for a PPP loan.  This resulted in an SBA PPP loan to Residential Alabama in the amount of $216,287 with an SBA loan number ending in 8010 (hereafter "Loan 8010").   The SBA Form 2384 represented that Residential Alabama was an eligible LLC and requested a loan for payroll, lease/mortgage interest, and utilities.

2

7.      On or about February 25, 2021, Griffin electronically submitted and caused to be submitted an SBA Form 2483-SD PPP Second Draw Borrower Application Form on behalf of Residential Alabama to MBE for a second draw of the PPP loan.   This resulted in a SBA PPP loan to Residential Alabama in the amount of $186,632 with an SBA loan number ending in 8703 (hereafter "Loan 8703").   The application made representations concerning the number of employees and payroll expenses of Residential Alabama.   The second application sought funds for payroll purposes only.

8.      On or about September 28, 2021, Griffin electronically submitted and caused to be electronically submitted an SBA Form 3508EZ on behalf of Residential Alabama seeking forgiveness of Loan 8010.   On or about October 8, 2021, the SBA forgave the full loan amount.

**The Small Business Administration**

9.      The SBA was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses through the PPP.

10.      The SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees. In addition to traditional SBA funding programs, the CARES Act established several new temporary programs and provided for the expansion of others to address the COVID-19 outbreak.

3

## The Paycheck Protection Program

11.    One of the new programs was the PPP which was a loan designed to provide a direct incentive for small businesses to keep their workers on the payroll and make payroll costs. Under this program, the SBA could forgive all or part of loans, if employees were kept on the payroll for eight weeks and borrowers submitted documentation confirming that the loan proceeds were used for certain qualifying business purposes and expenses.

12.    The PPP application process required interested applicants to electronically submit a Borrower Application Form, SBA Form 2483. The application contained information as to the purpose of the loan, average monthly payroll, number of employees, payroll costs and background of the business and its owner. Applicants were also required to make certain good faith certifications, including that economic uncertainties had necessitated their loan requests for continued business operations, and that they intended to use loan proceeds only for the authorized purposes.

13.    The PPP forgiveness process required the applicant to electronically submit a PPP Loan Forgiveness Application Form, an SBA Form 3508EZ.

14.    Further, when submitting the SBA Forms 2483 and 3508EZ, the authorized representative certified understanding that, should the PPP funds be

knowingly used for unauthorized purposes, the United States could hold him or her legally liable, including for charges of fraud.

15.    The applicant was also required to certify the truth and accuracy of any information provided on the SBA Form 2483, and in all supporting documents, to include any documents intended to verify the applicant's business expenses. The applicant was required to certify an understanding that knowingly making a false statement to obtain a guaranteed loan from the SBA is punishable under the law and subject to criminal penalties.

## B. The Scheme and Artifice

16.    Beginning on an unknown date, but no later than June 26, 2020, and continuing through May 3, 2021, in the Middle District of Florida and elsewhere, the defendant,

## CEDRIC DEWAYNE GRIFFIN,

knowingly devised and intended to devise and aided and abetted a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

## C. Manner and Means of the Scheme and Artifice

17.    The manner and means by which the defendant sought to accomplish and aid and abet the scheme to defraud included, among others, the following acts and/or omissions.

5

18.    It was part of the scheme and artifice that in June 2020, the defendant would and did, with respect to the application for Loan 8010:

a.    Fraudulently complete and cause to be completed, submit and cause to be submitted, SBA Form 2483, a PPP Borrower Application Form for Residential Alabama, for purposes of applying for a PPP loan to which Residential Alabama was not entitled.

b.    Submit and cause to be submitted false information and unfiled and/or fraudulent IRS Form 941s regarding Residential Alabama employees and payroll expenses.

c.    Represent and cause to be represented that Residential Alabama had 84 employees when in fact Residential Alabama had no employees.

d.    Represent and cause to be represented that Residential Alabama had an average monthly payroll of $86,515.

e.    Fraudulently claim and cause to be fraudulently claimed the purpose of the loan was for costs including payroll costs of Residential Alabama.

f.    Fraudulently claim and cause to be fraudulently claimed that Residential Alabama had employees for which it paid salaries and payroll taxes or paid independent contractors as reported on Form(s) 1099-MISC when in fact no salaries and payroll taxes were paid nor were there payments to independent contractors as reported on Form(s) 1099-MISC.

6

g.     Falsely certify and cause to be falsely certified that the funds would be used to maintain payroll and cover operations expenditures, as specified under the PPP Rules, when in fact they were not.

19.    It was further part of the scheme and artifice that in February 2021, the defendant would and did with respect to the application for Loan 8703:

a.     Fraudulently complete and submit and cause to be fraudulently completed and submitted an SBA Form 2483-SD PPP Second Draw Borrower Application Form for Residential Alabama for purposes of applying for a PPP loan to which Residential Alabama was not entitled.

b.     Fraudulently list and cause to be fraudulently listed the average monthly payroll of Residential Alabama as $74,647 with a total number of 25 employees, when there was no such payroll expense and when Residential Alabama had no employees.

c.     Falsely claim and cause to be falsely claimed the purpose of the loan was for Residential Alabama payroll costs.

d.     Submit and cause to be submitted false information and unfiled and/or fraudulent IRS Form 941s regarding Residential Alabama employees and payroll expenses.

20.    It was further part of that scheme and artifice that on or about September 28, 2021, Griffin would and did fraudulently complete and cause to be completed and

7

fraudulently submit and cause to be submitted an SBA Form 3508EZ PPP Loan Forgiveness Application Form seeking forgiveness for Loan 8010, to which Residential Alabama was not entitled because of the fraudulent misrepresentations included in the PPP loan application for Loan 8010.

21.    It was further a part of the scheme and artifice that the defendant would and did provide and caused to be provided financial institution account information into which the fraudulently-obtained PPP funds for both loans ending in 8010 and 8703 would be transferred via an ACH payment/wire transfer for the loans to Residential Alabama's Regions bank account ending in 1783.

22.    It was further a part of the scheme and artifice that the defendant would and did cause an SBA Participating Lender, Cross River, to send PPP loan proceeds for the loan ending in 8010 via an ACH payment/wire transfer to Residential Alabama Regions bank account ending in 1783, an account controlled by Griffin.

23.    It was further a part of the scheme and artifice that the defendant would and did cause an SBA Participating Lender, MBE, to send PPP loan proceeds for the loan ending in 8703 via an ACH payment/wire transfer to Residential Alabama's Regions bank account ending in 1783, an account controlled by Griffin.

24.    It was further a part of the scheme and artifice that the defendant would and did retain loan proceeds for the defendant's personal use from both PPP loans, which was not for any legitimate PPP loan purpose.

25.    It was further a part of scheme and artifice that the defendant would and did perform acts, and make statements to promote and achieve the object of the scheme and artifice and to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of the scheme and artifice and the acts committed in furtherance thereof.

26.    It was further a part of scheme and artifice that the defendant would and did, on or about May 3, 2021, wire transfer funds in excess of $10,000, those funds constituting criminally derived property of a value greater than $10,000 that was derived from the defendant's unlawful activity as described herein regarding the SBA PPP loan ending in 8703, to an account in the name of G8 from the Residential Alabama Regions bank account.

## D. Execution of the Scheme and Artifice

27.    On or about the dates listed below, in the Middle District of Florida and elsewhere, for the purpose of executing the above-described scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises,

**CEDRIC DEWAYNE GRIFFIN,**

the defendant herein, did knowingly transmit, cause to be transmitted, and aid and abet the transmission of, the following writings, signs, signals, pictures, and sounds, by means of wire communication in interstate commerce:

9

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| One | On or about June 26, 2020 | Electronic submission of the SBA Form 2483 PPP Borrower Application Form to Cross River requesting a PPP loan. |
| Two | On or about February 25, 2021 | Electronic submission of the SBA Form 2483-SD PPP Second Draw Borrower Application Form to MBE requesting a second draw. |
| Three | On or about September 28, 2021 | Electronic submission of the SBA Form 3508EZ PPP Loan Forgiveness Application Form to Cross River for forgiveness of Loan 8010. |

All in violation of 18 U.S.C. §§ 1343, 2.

## COUNT FOUR
### (Illegal Monetary Transaction)

28.    The Grand Jury hereby realleges paragraphs 1 through 5, 7 through 15, 19 through 21, and 23 through 26 of this Indictment and incorporates such paragraphs by this reference as though fully set forth herein.

29.    On or about May 3, 2021, in the Middle District of Florida, and elsewhere, the defendant,

**CEDRIC DEWAYNE GRIFFIN,**

did knowingly engage and attempt to engage in a monetary transaction, and aided and abetted others in engaging in a monetary transaction, in and affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343, as charged in Count Two, specifically: a wire transfer

10

in the amount of $20,000 from Residential Alabama's Regions bank account ending in 1783 into G8's Regions bank account ending in 6004.

In violation of 18 U.S.C. §§ 1957, 2.

## FORFEITURE

1.     The allegations contained in Counts One though Four are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), and 28 U.S.C. § 2461(c).

2.     Upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.     Upon conviction of a violation of 18 U.S.C. § 1957, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

4.     The property to be forfeited includes, but is not limited to, an order of forfeiture for at least $402,919, which represents the proceeds that the defendant obtained as a result of the fraud scheme charged in Counts One through Three.

5.     If any of the property described above, as a result of any act or omission of the defendant:

a.     cannot be located upon the exercise of due diligence;

11

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

A TRUE BILL,

Foreperson

GREGORY W. KEHOE
United States Attorney

By: _____
RICHARD L. LASSETER
Assistant United States Attorney

By: _____
MICHAEL J. COOLICAN
Assistant United States Attorney
Chief, Jacksonville Division

12

FORM OBD-34
4/13/26 Revised

No. _____

# UNITED STATES DISTRICT COURT
## Middle District of Florida
## Jacksonville Division

### THE UNITED STATES OF AMERICA

vs.

### CEDRIC DEWAYNE GRIFFIN

### INDICTMENT

Violations:  18 U.S.C. §§ 1343, 2
18 U.S.C. §§ 1957, 2

A true bill,

_____
Foreperson

Filed in open court this 16th day

of April 2026.

_____
Clerk

Bail  $_____

GPO 863 525